UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| MACK E. MITCHELL,<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>Respondents. | Civil Action No. 22-1729 (FLW)<br><br><br>MEMORANDUM & ORDER |

This matter has been opened to the Court by Petitioner's filing of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a motion for a stay to exhaust a second petition for postconviction relief ("second PCR"). ECF Nos. 1, 2. From the outset, Petitioner has not paid the $5.00 filing fee or submitted an application to proceed *in forma pauperis* in a habeas case. The Court will therefore administratively terminate this matter and provide Petitioner with 45 days to submit the filing fee or an IFP application.

At this time, the Court will also deny without prejudice Petitioner's motion for a stay, and direct Petitioner to show cause as to why his Petition should not be dismissed as untimely under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA").

On August 11, 2015, Petitioner pleaded guilty to four counts of first degree robbery, and on October 9, 2015, he was sentenced to an aggregate twenty-one year term, subject to the No Early Release Act ("NERA"). *See* ECF No. 2-4 at 18, Second PCR decision at 1. Petitioner filed an excessive sentence appeal that the Appellate Division heard and denied on April 5, 2016.

1

*See id.* The Supreme Court of New Jersey denied the petition for certification on December 2, 2016. *See id.* at 1-2.

On June 13, 2017, Petitioner filed his first petition for postconviction relief ("first PCR"). *See id.* at 2. On April 2, 2018, the PCR court denied the first PCR without an evidentiary hearing. *See id.* Petitioner filed a notice of appeal, and on February 22, 2019, the Appellate Division affirmed the denial of the first PCR. The Supreme Court denied certification on September 26, 2019. *State v. Mitchell*, 239 N.J. 417 (2019).

On August 9, 2021, Petitioner filed a second PCR. *See* Second PCR decision at 2. The PCR court found the Second PCR time-barred by R. 3:22-12(a)(2)(C) because it was filed over three years after the denial of the first PCR and also found the second PCR procedurally barred under R. 3:22-5. *See id.* at 2-4. In his federal habeas Petition, Petitioner alleges that his appeal of the denial of his Second PCR is still pending. *See* Petition at 13.

Petitioner's federal habeas petition ("Petition") is dated October 25, 2021, but was not docketed until March 28, 2022, 148 days after Petitioner signed it.[1] ECF No. 1. Petitioner alleges two grounds for relief: 1) ineffective assistance of plea counsel and first PCR counsel; and 2) an excessive sentence claim. Thereafter, on May 31, 2022, Petitioner's motion for a stay and abeyance was docketed. ECF No. 2. Petitioner seeks a stay until the appeal of his second PCR is resolved. *See id.*

Under the AEDPA, this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159,

---

[1] As explained below, the Petition appears time barred even if the Court considers October 25, 2021, as the filing date.

2

164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993).

In *Rhines v. Weber*, the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with AEDPA's purposes, 544 U.S. 269, 276 (2005), and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278. *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims).

Under the AEDPA, Congress has also prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). ).  In the typical case, the AEDPA limitations period is calculated from the date on which the petitioner's judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires.  *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009) (applying this principle to petitioner filed under § 2254).

Under 28 U.S.C. 2241(d)(2),"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  This exception to the one-year limitation period is known as statutory tolling. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).  An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Based on the available record and Petitioner's exhibits, the one-year limitations period began to run on March 3, 2017, 90 days after the Supreme Court of New Jersey denied Petitioner's petition for certification on his direct appeal, and the limitations period ran for 102 days until it was tolled by the filing of Petitioner's first PCR on June 13, 2017. The limitations period remained tolled until the New Jersey Supreme Court denied certification as to the first PCR on September 26, 2019. *State v. Mitchell*, 239 N.J. 417 (2019). The limitations period started to run the following day on September 27, 2019, and ran for 682 days until Petitioner filed his second PCR on August 9, 2021. As such, Petitioner's one-year limitations period for federal habeas review expired long before Plaintiff filed his second PCR.

The Court denies the motion for a stay <u>without prejudice</u> because the Petition appears untimely based on the available record and the exhibits provided by Petitioner. At this time, the Court will also direct Petitioner to show cause as to why his Petition should not be dismissed as untimely and provide Petitioner with an opportunity provide any facts and evidence in support of equitable tolling he wishes the Court to consider.

A prisoner "is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Excusable neglect, however, is insufficient to warrant equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

For the reasons explained in this Memorandum and Order, the Court administratively terminates this action for failure to pay the filing fee or submit an IFP application. The Court also denies without prejudice the motion for a stay and directs Petitioner to show cause as to why his Petition should not be dismissed as untimely under the AEDPA.

**IT IS, THEREFORE**, on this 15th day of November 2022,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter for failure to pay the filing fee; and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank form for proceeding *in forma pauperis* in a habeas case (DNJ-Pro Se-007-B-(Rev. 09/09)); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court within 45 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include the $5.00 filing fee or a completed signed IFP application; and it is further

**ORDERED** that the motion to stay the § 2254 Petition (ECF No. 2) is **DENIED WITHOUT PREJUDICE** for the reasons stated herein; and it is further

**ORDERED** that within 45 days of the entry of this Order, Petitioner shall also **SHOW CAUSE** as to why his Petition should not be dismissed as untimely under the AEDPA; and it is further

**ORDERED** that in his response to this Memorandum & Order, Petitioner should provide all facts and evidence in support of equitable tolling he wishes the Court to consider; and it is further

**ORDERED** that if Petitioner fails to respond to this Order, the Court may dismiss his Petition as untimely pursuant to the Court's screening authority; and it is further

**ORDERED** that the Clerk shall serve this Order by regular mail upon Petitioner at the address on file.

                                                *s/Freda L. Wolfson*
                                                Freda L. Wolfson
                                                U.S. Chief District Judge