NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MACK E. MITCHELL, | : |
| Petitioner, | : Civ. No. 22-1729 (GC) |
| v. | : |
| STATE OF NEW JERSEY, et al., | : OPINION |
| Respondents. | : |

**CASTNER, District Judge**

**I.   INTRODUCTION**

Petitioner, Mack E. Mitchell ("Petitioner" or "Mitchell") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's habeas petition is summarily dismissed due to untimeliness under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA") and a certificate of appealability shall not issue.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

Initially, because this Opinion solely relates to the timeliness of Petitioner's habeas petition, the underlying facts giving rise to Petitioner's habeas claims need not be analyzed or discussed. This Court previously noted the relevant factual and procedural history of this case as follows:

> On August 11, 2015, Petitioner pleaded guilty to four counts of first degree robbery, and on October 9, 2015, he was sentenced to an aggregate twenty-one year term, subject to the No Early Release Act ("NERA"). *See* ECF No. 2-4 at 18, Second PCR decision at 1. Petitioner filed an excessive sentence appeal that the Appellate Division heard and denied on April 5, 2016. *See id.* The Supreme

> Court of New Jersey denied the petition for certification on December 2, 2016. *See id.* at 1-2.
>
> On June 13, 2017, Petitioner filed his first petition for postconviction relief ("first PCR"). *See id.* at 2. On April 2, 2018, the PCR court denied the first PCR without an evidentiary hearing. *See id.* Petitioner filed a notice of appeal, and on February 22, 2019, the Appellate Division affirmed the denial of the first PCR. The Supreme Court denied certification on September 26, 2019. *State v. Mitchell*, 239 N.J. 417 (2019).
>
> On August 9, 2021, Petitioner filed a second PCR. *See* Second PCR decision at 2. The PCR court found the Second PCR time-barred by R. 3:22-12(a)(2)(C) because it was filed over three years after the denial of the first PCR and also found the second PCR procedurally barred under R. 3:22-5. *See id.* at 2-4. In his federal habeas Petition, Petitioner alleges that his appeal of the denial of his Second PCR is still pending. *See* Petition at 13.
>
> Petitioner's federal habeas petition ("Petition") is dated October 25, 2021, but was not docketed until March 28, 2022, 148 days after Petitioner signed it. ECF No. 1. Petitioner alleges two grounds for relief: 1) ineffective assistance of plea counsel and first PCR counsel; and 2) an excessive sentence claim.

*Mitchell v. New Jersey*, No. 22-1729, 2022 WL 16968486, at *1 (D.N.J. Nov. 16, 2022) (footnote omitted).

Petitioner initially sought a stay and abeyance of his habeas petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) until his second PCR petition was resolved. (*See* ECF 2). On November 16, 2022, this Court denied Petitioner's motion for stay and abeyance without prejudice because it appeared that Petitioner's habeas petition is untimely. *See Mitchell*, 2022 WL 16968486, at *2-3. This Court then gave Petitioner forty-five days to show cause why his habeas petition should not be dismissed due to untimeliness. *See id.* at *3. To date, Petitioner has not filed a response to this Court's November 16, 2022 Order to Show Cause.

2

### III. LEGAL STANDARD

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### IV. DISCUSSION

This Court previously explained the relevant law regarding the timeliness of Petitioner's habeas petition as follows:

> Under the AEDPA, Congress has . . . prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). In the typical case, the AEDPA limitations

3

> period is calculated from the date on which the petitioner's judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009) (applying this principle to petition[ ] filed under § 2254).
>
> Under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).
>
> Based on the available record and Petitioner's exhibits, the one-year limitations period began to run on March 3, 2017, 90 days after the Supreme Court of New Jersey denied Petitioner's petition for certification on his direct appeal, and the limitations period ran for 102 days until it was tolled by the filing of Petitioner's first PCR on June 13, 2017. The limitations period remained tolled until the New Jersey Supreme Court denied certification as to the first PCR on September 26, 2019. *State v. Mitchell*, 239 N.J. 417 (2019). The limitations period started to run the following day on September 27, 2019, and ran for 682 days until Petitioner filed his second PCR on August 9, 2021. As such, Petitioner's one-year limitations period for federal habeas review expired long before Plaintiff filed his second PCR.

*Mitchell*, 2022 WL 16968486, at *2-3.

This Court gave Petitioner the opportunity to establish whether equitable tolling could save his habeas petition. *See id.* at *3. As noted *supra*, however, Petitioner never responded to the Order to Show Cause to argue that equitable tolling applies. Accordingly, this Court will dismiss Petitioner's habeas petition as untimely.

V. **CERTIFICATE OF APPEALABILITY**

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a certificate of appealability shall not issue as jurists of reason would not debate the untimeliness of Petitioner's habeas petition.

VI. **CONCLUSION**

For the foregoing reasons, Petitioner's habeas petition is summarily dismissed due to untimeliness. A certificate of appealability shall not issue. An appropriate Order will be entered.

DATED: April 12, 2023

_____
GEORGETTE CASTNER
United States District Judge